TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:     (718) 762-1324

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

| | |
|---|---|
| JOHN WU,<br>*on behalf of himself and others similarly situated,*<br>                                                  Plaintiff,<br><br>                              v.<br><br>AMAZON.COM, INC.<br>        d/b/a Amazon.com;<br>SPEED OF SOUND COURIER EXPRESS, INC<br>        d/b/a Speed of Sound Courier; and<br>        d/b/a SOS Logistics;<br>SOS LOGISTICS, LLC<br>        d/b/a Speed of Sound Courier; and<br>        d/b/a SOS Logistics;<br>MICHAEL LAVELLE<br>        a/k/a Mike Lavelle;<br>CHRISTOPHER J. KANE and<br>ROBERT DOE<br>        a/k/a Bob<br>                                                  Defendants. | **Case No: 17-cv-2759**<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION &**<br>**F.R.C.P. 23 CLASS ACTION**<br><br>**COMPLAINT** |

--------------------------------------------------------------x

        Plaintiff JOHN WU (hereafter referred to as "Plaintiff"), on behalf of himself and others

similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint

against Defendants AMAZON.COM, INC. d/b/a Amazon.com; SPEED OF SOUND COURIER

EXPRESS, INC d/b/a Speed of Sound Courier; and d/b/a SOS Logistics; SOS LOGISTICS, LLC

d/b/a Speed of Sound Courier; and d/b/a SOS Logistics; MICHAEL LAVELLE a/k/a Mike

Lavelle; CHRISTOPHER J. KANE and ROBERT DOE a/k/a Bob, and alleges as follows:

## INTRODUCTION

1.      This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL) § 650 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Defendants refused to record all of the time that Plaintiff and similarly situated employees employed by Defendants work or worked, including work done in excess of forty hours each week.

4.      Defendants additionally violated the uniform maintenance pay requirements of the New York State Minimum Wage Order for Miscellaneous Industries and Occupations 12 NYCRR § 142-2.5(c).

5.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

6.      Plaintiff further alleges pursuant to NYLL § 650 *et seq.* and 12 New York Codes, Rules and Regulations ("NYCRR") § 142 that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread-of-hours" wages, (4) uniform maintenance pay pursuant to the Minimum Wage Order for Miscellaneous Industries and Occupations 12 NYCRR § 142-2.5(c) (5) up to five thousand dollars ($5,000) per Plaintiff for

TTroy

Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) liquidated damages equal to the sum of unpaid minimum wages, unpaid overtime wages, and unpaid "spread-of-hours" wages in the amount of twenty five percent under NYLL § 190 *et seq.*, § 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (8) 9% simple prejudgment interest provided by NYLL, (9) post-judgment interest, and (10) attorney's fees and costs.

## JURISDICTION AND VENUE

7.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

9.     Plaintiff JOHN WU ("WU") has resided and been domiciled within this judicial district in New York, handled goods that have moved in interstate commerce, and as a courier at the Amazon distribution center located at 201 Grumman Road West, Bethpage, NY 11714, has been an "employee" of Defendants within the meaning of FLSA § 203(e)(1) and NYLL § 2(5).

## DEFENDANTS

### *Corporate Defendants*

10.     Defendant AMAZON.COM, INC. d/b/a Amazon.com is a business corporation organized under the laws of the State of Delaware.

11.     Defendant AMAZON.COM, INC. d/b/a Amazon.com maintains offices at 43 Grumman Road West, Bethpage, NY 11714 and conducts business at 201 Grumman Road West, Bethpage, NY 11714, both locations within this judicial district.

12.     AMAZON.COM, INC. d/b/a Amazon.com is an "enterprise" as defined by FLSA § 203(r)(1), and is an "enterprise engaged in commerce" within the meaning of FLSA § 203(s)(1)(A), with two (2) or more employees who handled goods that moved in interstate commerce and with gross sales in excess of five hundred thousand dollars ($500,000) per year.

13.     At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by AMAZON.COM, INC. d/b/a Amazon.com.

14.     Defendant SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics is a corporation organized under the laws of the State of New York.

15.     Defendant SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics conducts business within this judicial district at 201 Grumman Road West, Bethpage, NY 11714.

16.     SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics is an "enterprise" as defined by FLSA § 203(r)(1), and is an "enterprise engaged in commerce" within the meaning of FLSA § 203(s)(1)(A), with two (2) or more employees who handled goods that moved in interstate commerce and with gross sales in excess of five hundred

thousand dollars ($500,000) per year.

17.     At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier.

18.     Defendant SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics is a domestic limited liability company organized under the laws of the State of New York.

19.     Defendant SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics conducts business within this judicial district at 201 Grumman Road West, Bethpage, NY 11714.

20.     SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics is an "enterprise" as defined by FLSA § 203(r)(1), and is an "enterprise engaged in commerce" within the meaning of FLSA § 203(s)(1)(A), with two (2) or more employees who handled goods that moved in interstate commerce and with gross sales in excess of five hundred thousand dollars ($500,000) per year.

21.     At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics.

*Owner/Operator Defendants*

22.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law. BSC § 630(a).

23.     MICHAEL LAVELLE a/k/a Mike Lavelle, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics.

24.     MICHAEL LAVELLE a/k/a Mike Lavelle acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics.

25.     CHRISTOPHER J. KANE, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics.

26.     CHRISTOPHER J. KANE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics.

27.     ROBERT DOE a/k/a Bob Doe, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SPEED OF

SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics.

28.     ROBERT DOE a/k/a Bob Doe did hire and fire Plaintiff.

29.     ROBERT DOE a/k/a Bob Doe acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics.

30.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

***Corporate Defendants SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics are successor employers; in the alternative, they are joint employers***

31.     Corporate Defendants SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

32.     Both corporations do business as Speed of Sound (SOS) Courier and Speed of Sound (SOS) Logistics, providing courier and logistic services for delivering mail and packages.

33.     Furthermore, upon information and belief, the two corporations doing business as Speed of Sound Courier and/or SOS Logistics share substantially the same management, including

MICHAEL LAVELLE a/k/a Mike Lavelle and CHRISTOPHER KANE as shareholders.

34.     The SOS Logistics website lists the establishment date of Speed of Sound as 1996, the incorporation year of SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics; even though and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics was incorporated in 2011 (See Exhibit 08).

35.     In the alternative, they are joint employers, indistinguishable from one another, in its business practices, business goals, employees hired and paid.

***Corporate Defendants SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics and AMAZON.COM INC d/b/a Amazon.com are joint employers***

36.     Defendant SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics operate a carrier and logistics business and among other activities provides trucks and/or drivers to deliver goods for AMAZON.COM, INC d/b/a Amazon.com customers in New York.

37.     Plaintiff and similarly situated employees worked for Defendants delivering items purchased from AMAZON.COM, INC d/b/a Amazon.com to the customers who purchased said items.

38.     At all relevant times, Defendant AMAZON.COM, INC d/b/a Amazon.com has been associated with and/or related to Defendant SOS Logistics with respect to Plaintiff and other similarly situated employees such that they are a "joint employer" of Plaintiffs and other similarly situated employees.

39.     AMAZON.COM, INC d/b/a Amazon.com managers determined whether a courier would be hired by SOS Logistics.

40.     Each morning at 6:30 am (a time determined by AMAZON.COM, INC d/b/a Amazon.com), Plaintiff and similarly situated employees report to a distribution center operated by AMAZON.COM, INC d/b/a Amazon.com, located at 201 Grumman Road West, Bethpage, NY 11714, where their vans are loaded with AMAZON.COM, INC d/b/a Amazon.com merchandise, and where they receive work instructions and direction, as well as itineraries, package scanners (called "rabbits" by employees), and other equipment, from AMAZON.COM, INC d/b/a Amazon.com personnel.

41.     Itineraries, package scanners, and other equipment are returned to AMAZON.COM, INC d/b/a Amazon.com personnel at the end of the working day.

42.     Plaintiff and similarly situated employees are required to wear AMAZON.COM, INC d/b/a Amazon.com uniforms while delivering AMAZON.COM, INC d/b/a Amazon.com merchandise.

43.     On information and belief, AMAZON.COM, INC d/b/a Amazon.com tracks the performance of Plaintiff and other similarly situated employees.

44.     AMAZON.COM, INC d/b/a Amazon.com package scanners contain GPS that allows AMAZON.COM, INC d/b/a Amazon.com managers to track which streets couriers take from delivery to delivery on their routes.

45.     Plaintiff and similarly situated employees are jointly supervised by AMAZON.COM, INC d/b/a Amazon.com personnel in coordination with SPEED OF SOUND COURIER EXPRESS, INC d/b/a Speed of Sound Courier and d/b/a SOS Logistics and SOS LOGISTICS, LLC d/b/a Speed of Sound Courier and d/b/a SOS Logistics personnel.

46.     AMAZON.COM, INC d/b/a Amazon.com has procedures in place to evaluate and discipline Plaintiff and similarly situated employees.

47.     AMAZON.COM, INC d/b/a Amazon.com possesses the power and authority to fire employees if their evaluations do not meet AMAZON.COM, INC d/b/a Amazon.com standards of performance.

48.     AMAZON.COM, INC d/b/a Amazon.com maintains a system of "infractions" which employees can accumulate by failing to follow AMAZON.COM, INC d/b/a Amazon.com policies (such as not locking their delivery vehicle while taking a package from the vehicle to the customer, or not leaving the package in an AMAZON.COM, INC d/b/a Amazon.com -approved place), or from complaints about the employee's conduct by customers to AMAZON.COM, INC d/b/a Amazon.com via an app maintained by AMAZON.COM, INC d/b/a Amazon.com. An employee who accumulates two (2) infractions is terminated.

49.     AMAZON.COM, INC d/b/a Amazon.com maintains a system of "concessions" which employees can accumulate when customers report, via an app maintained by AMAZON.COM, INC d/b/a Amazon.com, that they failed to receive packages the delivery of which, according to AMAZON.COM, INC d/b/a Amazon.com records, the employee was responsible. An employee who accumulates ten (10) concessions is terminated.

***Plaintiff JOHN WU***

50.     From on or about June 13, 2016 to the present day, Plaintiff JOHN WU worked for Defendants.

51.     On or about June 13, 2016, Plaintiff JOHN WU was hired by Defendants to work as a courier at the AMAZON.COM, INC d/b/a Amazon.com distribution center located at 201 Grumman Road West, Bethpage, NY 11714.

52.     From on or about June 13, 2016 to January 31, 2017, Plaintiff's regular daily work schedule ran from 6:30 am until 5:00 pm, for ten and one half (10.5) hours.

53.     Between June 13, 2016 and November 30, 2016, Plaintiff worked five (5) days plus two one and one half-hour shifts per week for a total of fifty-five and one half (55.5) hours per week.

54.     Between December 1, 2016 and December 31, 2016, Plaintiff worked four (4) days plus two one and one half-hour shifts per week for a total of forty-five (45) hours per week.

55.     Between January 1, 2017 and January 7, 2017, Plaintiff worked one (1) day per week, for a total of ten and one half (10.5) hours per week.

56.     Between January 8, 2017 and January 15, 2017, Plaintiff worked four (4) days per week, for a total of forty-two (42) hours per week.

57.     Between January 16, 2017 and January 23, 2017, Plaintiff worked three (3) days per week, for a total of thirty-one and one half (31.5) hours per week.

58.     Between January 24, 2017 and January 13, 2017, Plaintiff worked two (2) days per week, for a total of twenty-one (21) hours per week.

59.     Throughout his employment, Plaintiff was paid a flat one hundred forty dollars ($140) per weekday worked, and one hundred fifty dollars ($150) per Saturday or Sunday worked, by check.

60.     Defendants never informed Plaintiff of his hourly pay rate.

61.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least at one-and-one-half times (1.5x) the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked over forty (40) in a given workweek.

62.     While employed by Defendants, Plaintiff and similarly situated employees were not exempt under federal and state laws requiring employers to pay employees overtime.

63.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and

similarly situated employees "spread-of-hours" pay equal to one hour's pay at the minimum

wage rate when the interval between the start and end of Plaintiff's and similarly situated

employees' work days exceeded ten (10) hours.

64.     Defendants knew that the nonpayment of overtime pay and New York's "spread of

hours" premium for every day in which Plaintiff worked over ten (10) hours would financially

injure Plaintiffs and similarly situated employees and violate state laws.

65.     By way of a uniform, Defendants provided Plaintiff with one (1) black baseball-style cap

with the Amazon logo on the front, one (1) summer uniform consisting of a black polo shirt with

the Amazon logo on the breast, and one (1) winter uniform consisting of a black jacket with the

Amazon logo on the breast.

66.     Upon information and belief, Defendants maintained a policy applicable to all couriers,

including Plaintiff, that employees were to wear a clean uniform each day.

67.     While Defendants required Plaintiff and other employees to wear a clean uniform every

day, they did not clean, launder, or provide maintenance services for the uniform.

68.     As a consequence of Defendants' policies, Plaintiff and other employees had to clean the

uniform issued to them by Defendants several times a week, after each shift. Such uniform

cleanings often must and do occur separate from the cleaning of personal and family clothes, as

Plaintiff and other employees must perform additional hand cleanings or launderings to ensure

their uniform is clean for every shift.

69.     Defendants do not allow Plaintiff or other employees to launder or press their uniforms at

work while clocked in.

70.     Plaintiff and other employees therefore must routinely spend time off the clock and/or

money to clean and maintain their uniform consistent with the uniform and appearance standards

of Defendants.

71.    Defendants did not provide Plaintiff and other employees any method to report time they work at home or otherwise off the clock, and did not compensate Plaintiff or other employees for such time.

72.    Defendants' policy and practice is not to pay Plaintiff and other employees any uniform maintenance pay or reimbursement for the cost of maintaining uniforms, and it has failed and continues to fail to provide such pay.

73.    Plaintiff and other employees clean and wear the Amazon uniform issued to them for Defendants' benefit and because Defendants require them to do so as a condition of employment.

74.    Defendants knew that failing to launder Plaintiff's uniform would financially injure Plaintiff and similarly-situated employees, and violate state laws.

75.    Defendants failed to keep full and accurate records of Plaintiff's hours worked.

76.    Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with a Time of Hire Notice reflecting true rates of pay and payday.

77.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees paystubs that listed all of the following: employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

## COLLECTIVE ACTION ALLEGATIONS

78.    Plaintiff brings this action individually and on behalf of all other current and former non-exempt couriers who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not

compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

79.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

80.     All said persons, including Plaintiff, are referred to herein as the "Class."

81.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

82.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than one hundred thirty (130) members of the class.

*Commonality*

83.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.      Whether Plaintiff and Class members are entitled to and paid minimum wage under the New York Labor Law;

c.      Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

d.      Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.      Whether Defendants required putative class members to wear a clean Amazon uniform while on duty;

f.      Whether Defendants cleaned or provided laundering services for the uniform it required putative class members to wear while on duty;

g.      Whether putative class members were effectively required by Defendants to clean their uniforms or cause them to be cleaned;

h.      Whether Defendants paid putative class members any amount to reimburse them for their time expended and/or costs incurred in the cleaning and maintenance of their Amazon uniforms;

i.      Whether Defendants paid putative class members uniform maintenance pay in the amounts set forth in 12 NYCRR § 142.25(c)(2).

j.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

k.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

l.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

m.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### Typicality

84.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

85.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### Superiority

86.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

87.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

88.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

90.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

91.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

92.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

95.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

96.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest

### COUNT III.COUNT III
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

97.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

99.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

100.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated

the FLSA.

101.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

102.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

103.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

104.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.COUNT IV
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

105.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

106.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

107.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

108.    Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

109.    Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.COUNT V
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

110.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 142-2.4.

112.    Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.COUNT VI
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and the Rule 23 Class]

113.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

114.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL§ 162.

115.    Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiff worked.

116.    Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

117.    Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

**COUNT VII.**
**[Violation of New York Codes, Rules, and Regulations—Uniform Maintenance**
**Brought on behalf of Plaintiff and Rule 23 Class]**

118.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

119.    12 NYCRR § 142-2.5 applies to Defendants, as for-profit employers not in the building service, or hospitality industries, and establishes payment floors to protect Plaintiff and all Class Members.

120.    Defendants have and continue to furnish Plaintiff and Class Members with an insufficient number of uniforms while requiring Plaintiff and Class Members to maintain the uniforms at their own expense, in violation of the uniform maintenance pay provision of the Minimum Wage Order for Miscellaneous Industries and Occupations 12 NYCRR § 142-2.5(c)(2).

121.    Defendants' failure to pay Plaintiff and Class Members uniform maintenance pay required by 12 NYCRR § 142-2.5(c)(2), notwithstanding Defendants' clear failure to satisfy any exceptions to the requirement to provide such pay under the regulation, was and is not in good faith within the meaning of NYLL § 663.

## COUNT VIII.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

122.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

123.    Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 142-2.6.

124.    As a result of Defendants' unlawful conduct, Plaintiff have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

125.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

126.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT IX.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on behalf of Plaintiff and Rule 23 Class]

127.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

128.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of

the employer.  NYLL §195-1(a).

129.    Defendants intentionally failed to provide notice to employees in violation of New York

Labor Law § 195, which requires all employers to provide written notice in the employee's primary

language about the terms and conditions of employment related to rate of pay, regular pay cycle

and rate of overtime on their or her first day of employment.

130.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to

provide notice to Plaintiff even after the fact.

131.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from

Defendants, jointly and severally, $50 for each workday that the violation occurred or continued

to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law.

N.Y. Lab. Law §198(1-b).

**COUNT X.**
**[Violation of New York Labor Law—New York Pay Stub Requirement**
**Brought on behalf of Plaintiff and Rule 23 Class]**

132.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

133.    The NYLL and supporting regulations require employers to provide detailed paystub

information to employees every payday. NYLL §195-1(d).

134.    Defendants have failed to make a good faith effort to comply with the New York Labor

Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after

each Plaintiffs' payday.

135.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from

Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each

Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law

§198(1-d).

## COUNT XI.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434
### Brought on behalf of the Plaintiff]

136.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

137.    26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

138.    Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XII.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General
### Business Law §349
### Brought on behalf of the Plaintiff]

139.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

140.    NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

141.    Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

142.    Plaintiffs demand the right to examine, in person or by attorney, the minutes of the

proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of uniform maintenance pay, plus compensatory and liquidated damages in the amount of twenty-five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under the New York Wage Theft Prevention Act, and interest;

h)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

j)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and

expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)     The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following

the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is

then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just, and

proper.

Dated: Flushing, New York
       May 7, 2017                                    TROY LAW, PLLC
                                             *Attorney for the Plaintiffs, proposed FLSA*
                                             *Collective and Proposed Class Plaintiffs*


                                      ____/s/ John Troy_____
                                      John Troy (JT 0481)
                                      41-25 Kissena Boulevard Suite 119
                                      Flushing, NY 11355
                                      Tel: (718) 762-1324
                                      Email: johntroy@troypllc.com