UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOHN WU, on behalf of himself and others
similarly situated,

                    Plaintiff,

      - against -

AMAZON.COM, INC. d/b/a Amazon.com;
SPEED OF SOUND COURIER EXPRESS, INC.
d/b/a Speed of Sound Courier; and d/b/a SOS
Logistics; SOS LOGISTICS, LLC d/b/a Speed of
Sound Courier; and d/b/a SOS Logistics;
MICHAEL LAVELLE a/k/a Mike Lavelle;
CHRISTOPHER J. KANE and ROBERT DOE
a/k/a Bob

                    Defendants.
------------------------------------------------------------------------x

Case No. 17-CV-2759
(JS)(AKT)

## MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Alan T. Gallanty (AG-6554)
Daniel S. Kokhba (DK-5501)
KANTOR, DAVIDOFF, MANDELKER,
TWOMEY, GALLANTY & KOKHBA, P.C.
415 Madison Avenue, 16th Floor
New York, New York 10017
Telephone: (212) 682-8383
Facsimile: (212) 949-5206

*Attorneys for Defendants*
*SOS Logistics, LLC, Michael Lavelle*
*and Robert Doe a/k/a Bob*

Dated: New York, New York
       July 6, 2017

# TABLE OF CONTENTS

Preliminary Statement ............................................................................................. 1

Procedural History .................................................................................................. 1

Factual Background ................................................................................................ 2

Argument ................................................................................................................ 3

    I.    Standard of Review ................................................................................. 3

    II.    Applicable Federal and State Law Mandates that the Arbitration Agreements be Enforced ......................................... 4

        a.    The Law of this Circuit Clearly Mandates that FLSA and NYLL Claims Covered by a Valid Arbitration Agreement Must be Arbitrated ...................... 4

        b.    Plaintiffs' Remaining Claims are Likewise Subject to Arbitration ................................................................. 6

        c.    Federal Law Mandates the Arbitration of Plaintiffs' Claims ........................................................................ 7

    III.    Plaintiffs were Made Aware of Moving Defendants' Arbitration Policy and Continued their Employment ......................... 8

Conclusion .............................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Alfonso v. Maggies Paratransit Corp.*
203 F.Supp.3d 244 (E.D.N.Y. 2016) .................................................................................4

*Alliance Bernstein Inv. Research and Mgmt. Inc. v. Schaffron*
445 F.3d 121 (2d Cir. 2006) ..............................................................................................7

*Arrigo v. Blue Fish Commodities, Inc.*
704 F.Supp.2d 299 (S.D.N.Y. 2010) ..................................................................................4

*AT & T Technologies, Inc. v. Communications Workers of America*
475 U.S. 643 (1986) .......................................................................................................3, 8

*AT&T Mobility LLC v. Concepcion*
131 S.Ct. 1740 (2011) ........................................................................................................8

*Brown v. St. Paul Travelers Companies, Inc.*
331 Fed. Appx. 68 (2d Cir. 2009) ......................................................................................8

*Ciago v. Ameriquest Mortgage Co.*
295 F.Supp.2d 324 (S.D.N.Y. 2003) ..................................................................................4

*Dean Witter Reynolds, Inc. v. Byrd*
470 U.S. 213 (1985) ...........................................................................................................8

*Gill v. World Inspection Network International, Inc.*
2006 WL 2166821 (E.D.N.Y. 2006) ..................................................................................7

*Gilmer v. Interstate/Johnson Lane Corp.*
500 U.S. 20 (1991) .............................................................................................................8

*CompuCredit Corp. v. Greenwood*
565 U.S. 95 (2012) .............................................................................................................7

*Janmort Leasing, Inc. v. Encono-Car Intern., Inc.*
475 F.Supp. 1282 (E.D.N.Y. 1979) ...................................................................................4

*LaVoice v. UBS Financial Services, Inc.*
2012 WL 124590 (S.D.N.Y. 2012) ......................................................................................7

*Lloyd v. J.P. Morgan Chase & Co.*
791 F.3d 265 (2d Cir. 2015) ................................................................................................6

*Lawrence v. Sol G. Atlas Realty Co., Inc.*
841 F.3d 81 (2d Cir. 2016) ..................................................................................................4

*Manigault v. Macys East LLC*
318 Fed. Appx. 6 (2d Cir. 2009) .........................................................................................8

*Martin v. SCI Mgmt. L.P.*
296 F.Supp.2d 462 (S.D.N.Y. 2003) ...................................................................................4

*Metzler v. Harris Corp.*
2001 WL 194911 (S.D.N.Y 2001) ......................................................................................4

*Mosca v. Doctors Associates, Inc.*
852 F.Supp. 152 (E.D.N.Y. 1993) ......................................................................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
460 U.S. 1 (1983) ................................................................................................................8

*Parisi v. Goldman, Sachs & Co., et al.*
710 F.3d 483 (2d Cir. 2013) ................................................................................................7

*Patterson v. Raymours Furniture Company, Inc.*
659 Fed.Appx. 40 (2d Cir. 2016) .....................................................................................4, 5

*Ragone v. Atl. Video at Manhattan Ctr.*
595 F.3d 115 (2d Cir. 2010) .............................................................................................7, 8

*Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*
559 U.S. 662 (2010) ............................................................................................................6

*Sutherland v. Ernst & Young LLP*
726 F.3d 290 (2d Cir. 2013) .............................................................................................4, 5

*Townsend v. Smith Barney Shearson Inc.*
906 F.Supp. 153 (W.D.N.Y. 1995) .................................................................................7

*United Steelworkers of America v. Warrior & Gulf Nav. Co.*
363 U.S. 574 (1960) ........................................................................................................3

*Zaken v. Jenny Craig, Inc.*
2011 WL 4916928 (E.D.N.Y. 2011) ............................................................................5, 8

## Statutes and Court Rules

26 U.S.C. § 7434 ..................................................................................................................6

Fair Labor Standards Act .......................................................................................1, 2, 4, 5, 6

New York Codes, Rules, and Regulations ........................................................................6, 7

New York General Business Law ......................................................................................6, 7

New York Labor Law ....................................................................................................1, 4, 5, 6

The Federal Arbitration Act, 9 U.S.C. § 1 ............................................................................7

The Federal Arbitration Act, 9 U.S.C. § 2 ............................................................................7

The Federal Arbitration Act, 9 U.S.C. § 3 ............................................................................8

The Federal Arbitration Act, 9 U.S.C. § 4 .........................................................................4, 8

**Preliminary Statement**

The claims asserted in the Complaint, including those under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), must be arbitrated. The parties entered into a valid and enforceable arbitration agreement explicitly covering such claims. Thereafter, plaintiffs continued their employment after they were provided with, and made aware of, their employer's arbitration policy. The law in the Second Circuit is clear that, under these circumstances, plaintiffs' claims must be individually arbitrated.

**Procedural History**

This motion is brought by defendants SOS Logistics, LLC, Michael Lavelle and Robert Doe a/k/a Bob (collectively, the "Moving Defendants").

Plaintiff John Wu ("Wu") initiated this action by filing a Complaint in the United States District Court for the Eastern District of New York on May 7, 2017 asserting claims arising out of his employment, including under the FLSA and the NYLL. The Summons was electronically issued on May 17, 2017.[1] Gianni Tabacchino ("Tabacchino") filed a consent to become a party plaintiff in this action on June 15, 2017. An initial conference has been scheduled by the Court for July 14, 2017.[2] Efforts to advise plaintiffs' counsel of the existence of the Arbitration Agreements (defined below) and to resolve these proceedings based thereon proved unsuccessful.

---

[1] None of the named defendants in this case were properly served. Instead, a single copy of the Summons and Complaint apparently was left with an unidentified person at a location where none of the Moving Defendants maintained an office or resided. Nonetheless, in order to avoid the unnecessary expenditure of the resources of the parties and the Court, the Moving Defendants have proceeded to file this motion to compel arbitration.

[2] The Moving Parties have simultaneously filed a letter motion addressed to Magistrate Judge Tomlinson seeking to adjourn the conference based on the filing of this Motion to Compel Arbitration and Stay Judicial Proceedings.

## Factual Background

Wu was employed by SOS Logistics, LLC ("SOS") as a courier from on or about June 13, 2016 until February 5, 2017. Tabacchino's employment with SOS as a courier began on or about June 13, 2016 and ended on February 26, 2017. Each was given and entered into identically worded arbitration agreements (collectively, the "Arbitration Agreements" or, individually, the "Arbitration Agreement") at the outset of their employment. *See* Affidavit of Robert McIntyre, sworn to June 27, 2017 ("McIntyre Aff.") at ¶¶ 3 and 4 and Exhibits A and B annexed thereto. The Arbitration Agreements specifically state:

> In the event of a dispute between the parties which cannot be resolved between themselves through good faith discussions[3], the parties agree to resolve the dispute as described herein (hereafter "the Arbitration Provision"). This Arbitration Provision shall be governed by the Federal Arbitration Act ("FAA").

*See* McIntyre Aff., Exhs. A and B, Section 1.A. The Arbitration Agreements then set forth the claims to be covered:

> **i. Claims Covered by Arbitration Provision:** Unless otherwise specifically provided herein, claims involving, but not limited to, the following disputes will be subject to arbitration under this Arbitration Provision regardless of whether brought by EMPLOYEE, EMPLOYER or any agent acting on behalf of either: (1) disputes arising out of or related to Employment; (2) disputes arising out of or related to EMPLOYEE'S relationship with EMPLOYER, including termination of the relationship; (3) disputes arising out of or relating to the interpretation or application of this Arbitration Provision. This Arbitration Provision also applies, without limitation, to disputes regarding any … state or federal wage and hour law … [the] Fair Labor Standards Act … and state statutes, if any, addressing the same or similar subject matters, and all other similar federal and state statutory and common law claims … [.]

*See* McIntyre Aff., Exhs. A and B, Section 1.A.i.

The Arbitration Agreements make clear that "this Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law" and

---

[3] Neither Wu nor Tabacchino ever indicated that they had an issue or complaint regarding their pay or their employment.

require all such disputes to be "resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial." *See* McIntyre Aff., Exhs. A and B, Section 1.A. In addition, the Arbitration Agreements explicitly state in bold lettering that "there will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action." *See* McIntyre Aff., Exhs. A and B, Section 1.D.

The final provision of the Arbitration Agreements states in capitalized and bold lettering:

**EMPLOYER AND EMPLOYEE HAVE EACH READ, BEEN PROVIDED WITH A REASONABLE TIME TO REVIEW, AND UNDERSTAND THIS AGREEMENT, AND UNDERSTAND THAT THIS AGREEMENT TO BINDING ARBITRATION CONSTITUTES A WAIVER OF TRIAL BEFORE JUDGE OR JURY AND WAIVER OF PARTICIPATION IN CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION.**

*See* McIntyre Aff., Exhs. A and B, Section 1.F.

Wu was given the Arbitration Agreement and executed same by subscribing his name on the agreement on June 3, 2016. *See* McIntyre Aff. at ¶3. Wu continued to work at SOS thereafter. *See* McIntyre Aff. at ¶6. Tabacchino was likewise given the Arbitration Agreement and executed same by subscribing his name on the agreement on June 2, 2016. *See* McIntyre Aff. at ¶4. Tabacchino also continued to work at SOS thereafter. *See* McIntyre Aff. at ¶6.

## ARGUMENT

### I. STANDARD OF REVIEW

"[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986) (quoting United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582-83

3

(1960)). "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; *see also* Janmort Leasing, Inc. v. Encono-Car Intern., Inc., 475 F.Supp. 1282, 1289 (E.D.N.Y. 1979).

## II. APPLICABLE FEDERAL AND STATE LAW MANDATES THAT THE ARBITRATION AGREEMENTS BE ENFORCED

### a. The Law of this Circuit Clearly Mandates that FLSA and NYLL Claims Covered by a Valid Arbitration Agreement Must be Arbitrated

The claims asserted in the Complaint must be arbitrated because the parties entered into a valid arbitration agreement and the Second Circuit has consistently held FLSA and NYLL claims are fully subject to arbitration. Lawrence v. Sol G. Atlas Realty Co., Inc., 841 F.3d 81, 83 (2d Cir. 2016) ("Claims under … the FLSA and NYLL may be made subject to arbitration"); Patterson v. Raymours Furniture Company, Inc., 659 Fed.Appx. 40 (2d Cir. 2016) (affirming District Court's decision to grant motion to compel arbitration of FLSA claims); Sutherland v. Ernst & Young LLP, 726 F.3d 290 (2d Cir. 2013) (reversing District Court's decision to deny motion to compel arbitration of FLSA claims); *see also* Alfonso v. Maggies Paratransit Corp., 203 F.Supp.3d 244, 248 (E.D.N.Y. 2016) (granting motion to compel arbitration of FLSA and NYLL claims); Arrigo v. Blue Fish Commodities, Inc., 704 F.Supp.2d 299, 304 (S.D.N.Y. 2010) ("Congress did not intend FLSA claims to be nonarbitrable"); Martin v. SCI Mgmt. L.P., 296 F.Supp.2d 462, 467 (S.D.N.Y. 2003) ("no indication" that Congress intended FLSA claim to be nonarbitrable); Ciago v. Ameriquest Mortgage Co., 295 F.Supp.2d 324, 332 (S.D.N.Y. 2003) ("Congress has not evinced an intention to preclude arbitration of FLSA claims" and compelling arbitration of NYLL claims as well); Metzler v. Harris Corp., 2001 WL 194911 (S.D.N.Y 2001) (granting motion to compel arbitration of NYLL claims).

The Second Circuit's decision in Patterson v. Raymours Furniture Company, Inc., 659 Fed.Appx. 40 (2d Cir. 2016) is precisely on point. In Patterson, the plaintiff was also an employee claiming FLSA violations. The plaintiff and all other employees entered into an agreement with defendant requiring "all employment and compensation-related claims" to be arbitrated. Patterson, Fed. Appx. at 41. Reasoning "we are bound by our Court's decision in Sutherland," the Second Circuit expressly recognized that arbitration of FLSA claims was mandated where a valid arbitration agreement exists covering such claims. Id. at 43. Here, the plaintiffs, along with all other employees, entered into a valid arbitration agreement whereby all "disputes arising out of or related to Employment" are to be arbitrated. In fact, the language of the Arbitration Agreements in this case favor arbitration even beyond the language of the agreement in Patterson because, unlike in Patterson, the arbitration of FLSA claims, as well as "state or federal wage and hour law" claims, is specifically provided for in these agreements. *See* McIntyre Aff., Exhs. A and B, Section 1.A.i. Clearly, the FLSA and NYLL claims asserted here fall under the scope of the Arbitration Agreements.

As this Court explained in granting a motion to compel arbitration in Zaken v. Jenny Craig, Inc., 2011 WL 4916928, *1-*2 (E.D.N.Y. 2011) (Seybert, J.):

> The Federal Arbitration Act ("FAA") expresses the strong federal policy favoring arbitration . . . The FAA states that arbitration agreements are valid, enforceable and irrevocable, unless such grounds exist for the revocation of the contract . . . In keeping with this policy, the Court resolves doubts in favor of arbitration and enforces privately-negotiated arbitration agreements in accordance with their terms.
>
>        \*      \*      \*
>
> The Court construes an arbitration clause as broadly as possible and resolves any doubts in favor of arbitration… The Court focuses on the factual allegations of the Complaint and will compel arbitration if the allegations underlying Plaintiff's claim 'touch matters' covered by the parties' agreement.

\*   \*   \*

> '[U]nless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute,' the Court will compel arbitration.

*Id.* (citations omitted).

The claims asserted in the Complaint must therefore be arbitrated because the parties entered into valid arbitration agreements, which expressly cover the claims at issue.

b. <u>The Remaining Claims in the Complaint are Likewise Subject to Arbitration</u>

The Complaint is clear that the alleged basis for defendants' purported liability lies in the FLSA and NYLL claims:

> This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL) § 650 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

Complaint ¶ 1. Nevertheless, certain additional claims are asserted in the Complaint pursuant to New York General Business Law ("NYGBL"), the New York Codes, Rules, and Regulations ("NYCRR"), and 26 U.S.C. § 7434 (civil damages for fraudulent filing of IRS returns). These claims likewise must be arbitrated because they clearly "arise out of or relate to" employment and the relationship with the employer and thus fall precisely within the parameters of the Arbitration Agreements. As a result, they must be arbitrated because "[c]onstruction of an arbitration agreement is a matter of contract interpretation, and 'as with any other contract, the parties' intentions control.'" <u>Lloyd v. J.P. Morgan Chase & Co.</u>, 791 F.3d 265, 270 (2d Cir. 2015) (quoting <u>Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.</u>, 559 U.S. 662, 682 (2010)). These additional claims are clearly claims arising out of and related to employment and thus squarely covered under the Arbitration Agreements. *See* McIntyre Aff., Exhs. A and B, Section 1.A.i.

Indeed, the Courts of this Circuit have specifically held that NYGBL and NYCRR claims are arbitrable. See Mosca v. Doctors Associates, Inc., 852 F.Supp. 152 (E.D.N.Y. 1993) (holding that New York General Business Law claims were subject to arbitration); Gill v. World Inspection Network International, Inc., 2006 WL 2166821 (E.D.N.Y. 2006) (granting motion to compel arbitration of New York General Business Law claims); LaVoice v. UBS Financial Services, Inc., 2012 WL 124590 (S.D.N.Y. 2012) (granting motion to compel arbitration of NYCRR claims). As a result, all of the claims asserted in the Complaint must be arbitrated.

  c. Federal Law Mandates Arbitration of the Claims Set Forth in the Complaint

The claims alleged in the Complaint must be arbitrated because Congress has specifically enacted laws mandating arbitration of claims such as those brought here. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), governs the instant motion and "creates a body of federal substantive law of arbitrability applicable to arbitration agreements." Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 121 (2d Cir. 2010) (quoting Alliance Bernsterin Inv. Research and Mgmt. Inc. v. Schaffran, 445 F.3d 121, 125 (2d Cir. 2006)). As stated in the FAA itself, "a written provision in any … contract … to settle by arbitration a controversy thereafter arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In connection with the FAA, courts in this Circuit have recognized that "so strong is the policy favoring arbitration that enforcement of the agreement should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Townsend v. Smith Barney Shearson Inc., 906 F.Supp. 153, 155-56 (W.D.N.Y. 1995) (quoting AT & T Technologies, Inc., 475 U.S. at 650).

The United States Supreme Court has consistently interpreted the FAA as establishing a "federal policy favoring arbitration agreements." Parisi v. Goldman, Sachs & Co., et al., 710 F.3d 483, 486 (2d Cir. 2013) (CompuCredit Corp. v. Greenwood, 565 U.S. 95, 98 (2012); AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The courts of this Circuit likewise favor arbitration. *See, e.g.*, Ragone, 593 F.3d at 121; Zaken, 2011 WL at *1. Moreover, "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration …" Dean Witter Reynolds, 470 U.S. at 218 (citing 9 U.S.C. §§ 3 and 4). There simply is no basis, statutorily or otherwise, to deny arbitration of these claims.

### III. PLAINTIFFS WERE MADE AWARE OF MOVING DEFENDANTS' ARBITRATION POLICY AND CONTINUED THEIR EMPLOYMENT

Courts are clear that where, as here, an employee is made aware of her employer's policy to arbitrate certain claims through a "clear, written statement," the covered claims are subject to arbitration. Brown v. St. Paul Travelers Companies, Inc., 331 Fed.Appx. 68, 69 (2d Cir. 2009). In the instant case, the Moving Defendants maintain a clear, written policy of arbitrating employment disputes. *See* McIntyre Aff., Exhs. A and B. Plaintiffs were made aware of this policy when they were given the Arbitration Agreement. *See* McIntyre Aff., ¶¶ 3 and 4. Plaintiffs' claims are therefore clearly subject to the arbitration policy as explicitly detailed in the Arbitration Agreements.

Under applicable law, the fact that plaintiffs continued to work after being provided with and made aware of the arbitration policy further supports the fact that the arbitration policy was assented to and must be enforced. Manigault v. Macys East LLC, 318 Fed. Appx. 6, 8 (2d Cir.

8

2009) ("New York, unlike other jurisdictions . . . has found that continued employment, without more, is sufficient to manifest assent [to an arbitration policy].") (internal citation omitted); Brown, 331 Fed. Appx. at 69.

### Conclusion

For the reasons set forth above, Moving Defendants' Motion to Compel Arbitration and Stay Judicial Proceedings, in accordance with the written Arbitration Agreements of the parties, should be granted as a matter of law.

Dated: New York, New York
July 6, 2017

By: _____
Alan T. Gallanty, Esq. (AG-6554)
Daniel S. Kokhba, Esq. (DK-5501)
KANTOR, DAVIDOFF, MANDELKER,
TWOMEY, GALLANTY & KOKHBA, P.C.
415 Madison Ave., 16th Floor
New York, New York 10017
Tel: (212) 682-8383
Facsimile: (212) 949-5206
*Attorneys for Defendants, SOS Logistics, LLC,
Michael Lavelle; and Robert Doe a/k/a Bob*